The next case today is Richard Roe v. Marianne Lynch, appeal number 20-1702. Attorney Cuniff, please introduce yourself on the record. Yes, good morning, Your Honors. My name is Michael Cuniff. I am counsel to Richard Roe, the appellant in this case. Proceed. Thank you, Your Honor. May it please the Court, I respectfully request that three minutes of my time be set aside for rebuttal purposes. Yes, you may have it. Thank you, Judge Lynch. This appeal followed the district court's dismissal of a complaint that raised a compelling and plausible constitutional claim in count one for a declaratory judgment that a law enforcement officer was entitled to due process prior to a prosecutor's exercise of her discretion to make a giglio impairment decision that may affect a tenured police officer's constitutional right to continued employment. However, the district court never reached the constitutional question because it focused on the threshold issue of whether it had a subject matter jurisdiction over the complaints requests for mandamus in counts two and three, which the court dismissed after applying the wrong statute of limitations provision in finding that the filing deadline for those counts had lapsed, whereas the record establishes that the correct deadline was met. Erroneously deciding that its subject matter jurisdiction over count one was linked to the viability of the requests for mandamus and failing to recognize that it was an independent and plausible claim under the main declaratory judgments act, the district court then dismissed count one. Therefore, the disposition of this appeal hinges on this court's de novo determination of whether the district court had subject matter jurisdiction over any or all of the three counts in the complaint filed in this case. When choosing the wrong statute of limitations, the district court decided that district attorney Lynch had refused to provide officer Rowe with due process, which triggered in the mind of the court an unmet 30-day deadline. However, it is evident from the main law court's decision in Kare versus Town of Matalaska that a refusal to act within the scope of Rule 80B requires acceptance of a request, consideration of the request, and an express refusal to act, which the complaint alleges did not happen. Rather, the alleged facts established that district attorney Lynch ignored her responsibility to provide due process to officer Rowe before she made her giglio impairment determination. There was no express refusal to do so. You might be muted, Jez Lepez, if you were trying to speak. I think Judge Lepez is still muted. Try again. Okay. I didn't touch anything, but it happened. I apologize. Thank you. Yeah, I'm sorry to counsel. The district court took the view that your client had notice on July 30th, 2019 and August 9th, 2019 of her giglio impairment determination that implicit in those decisions was her judgment that she did not have to provide your client with any process before making those determinations. The district court took the view that those could fairly be read as a refusal to act upon the requests that you were making. I don't understand what's wrong with the way in which the district court reads those determinations on those dates. What's wrong with that? And just to sort of add to the question, you seem to take the position, because those decisions did not include any explanation, any reasoned elaboration of why those decisions were made, that precludes them from being a failure act. I have trouble understanding where that notion comes from, that in order to be viewed as a failure act, there had to be some kind of a reasoned explanation of the decision. Well, thank you for the question, Judge Lepez. Actually, we have to look to the main law court decision in CAIR to respond to your question. Clearly, CAIR stands for, in my view, the proposition that there must be an acceptance of an inquiry, a deliberation, and an express refusal to act, something that is articulated. Here, that did not happen. In fact, the Also, the court attempted to recast this case as a Rule 80B appeal, as opposed to a case requesting, under the main Declaratory Judgments Act, a declaratory judgment, which is independent of the Rule 80B appeal analysis that the court applied, and which Well, Judge Lepez, if you had a follow-up. No, go ahead. I had thought when we, typically, when a case is removed from federal court, and it's for a declaratory judgment, I thought we applied the Federal Declaratory Judgment Act at that point, rather than the State Declaratory Judgment Act, because to the extent, at least, that the Declaratory Judgment Act, I'm not sure what the statute of limitations is. Well, I think the principle is the same, Judge Barron, for declaratory judgments in either situation, except for the specific provisions that are cited in the briefs, of course. But there are two distinct attempts here. One, I think, is to obtain a clarification of what a police officer's due process entitlement is in a situation. Is that a going-forward declaratory judgment? It actually encompasses both what District Attorney Lynch did and didn't do, and also what would happen to this officer. Because the way the declaration is framed, it sounded not like it's tied to the particular case, which makes me wonder why there's Article III jurisdiction at all as to that, risk of him being subject to a goodwill impairment going forward. No allegations of that kind. Well, actually, Judge, it's a constitutional question of whether a District Attorney is... Yeah, but he's got to have standing to bring that claim, and I don't see why he's entitled to a general pronouncement on the question if there's no allegation that he's imminently at risk of a future goodwill impairment. Well, he's actually subject to continued scrutiny. The District Attorney Lynch, for example, represents two counties and one prosecutorial district. There are seven additional prosecutorial districts plus the Attorney General, a total of 14 additional counties. Each District Attorney would have to make a determination as to whether to adopt a District Attorney Lynch's goodwill impairment determination or to make a new one. So... Why? Well, because District Attorney Lynch only has the ability to make a decision for the counties within her jurisdiction. How do we know that issue is going to come up in any of these future places? I guess I don't see the allegations of that kind. Well, the concern, Judge Barron, is that what has happened is that Mr. Monroe's constitutional right to continued employment has been infringed. Until and unless there is an opportunity to vindicate his due process entitlements... Sorry, my time is up, I think. Judge Lopez, do you have other questions? No, thank you. Okay, you have your three minutes reserved. Thank you, Your Honor. If Mr. Cunoff could please thank you and Attorney Bolton, please just introduce yourself on the record. Good morning, Your Honors. May it please the Court, Jonathan Bolton, Assistant Attorney General for the Appellee Marianne Lynch. I'd like to start with the issue of the declaratory judgment, which we were just talking about. The declaratory judgment issue is discussed in the main Supreme Court case, Soled, Inc., and in that case, it explains that where you're trying to bring a declaratory judgment that is a way of reframing relief that you can get under ADB that is not permitted because you're supposed to bring it under ADB. I think that case is dispositive. I think you can bring declaratory judgments under that case to an anticipatory challenge where there's threatened governmental action, but there is no threatened governmental action. The action has already occurred. This is purely retrospective. Relief is the only thing that this plaintiff has standing to seek, so I think the district court was exactly right that anything beyond that is going to be a purely advisory opinion, and that would be outside the court's Article III jurisdiction. Could you just address—I understand that Article III point for the part that's not just an end run around ADB, but I had thought there's case law to this effect that since the Declaratory Judgment Act in federal law is not itself a cause of action, when you bring a declaratory judgment action in state court for a federal question and it's removed on federal question jurisdiction basis, you then shift to apply the federal Declaratory Judgment Act. You don't stick with the state one. So I'm not sure how that affects what we're doing here, because it is the idea that the main Declaratory Judgment Act is not jurisdictional. It's itself a cause of action. I think it certainly is pled as a cause of action in this case, and I don't think there's been any argument that the federal Declaratory Judgment Act should apply anywhere below or in this court. I think if you were to apply the federal standard, I think you would have a very similar problem, which is that there is no Article III jurisdiction to issue a sort of proclamation about the due process rights of police officers generally. And there's the other problem. Well, just to button it up, you say, and I understand the coherence of it, you say there's a piece of this that might be like the ADB action, and anything beyond that runs into the Article III problem. Correct. Okay, so now if we're trying to do this the way we're supposed to with our jurisdiction, and I'm right that when you get into federal court, now we're supposed to apply the federal Declaratory Judgment Act. I understand the Article III part for the part that doesn't track the ADB, but what about the piece of that declaration that you're willing to treat as tracking the ADB? What would we do with that piece of it? Well, you need a cause of action to have a declaratory judgment. The only cause of action here is time barred. They cite the Puerto Rico case that we have, which is that you can do a direct action under the federal constitution. Well, I think what we have here, though, is an ADB action, which is a state law claim that can be removed to federal court, and then they're seeking a relief of a declaratory judgment. I think if it's a cause of action, then it's a state law cause of action. If it's a form of relief, then you have to have a cause of action underlying it, which there isn't here, because the only cause of action that's been asserted is time barred. I think they cite the case in Puerto Rico in which we treated something as being able to be pled directly under the constitution that had the direct, supplied the cause of action for the Enlightenment ex parte young type case. I'm trying to recall that case, Your Honor, and it's not jumping to mind. I can get it. Well, keep going. Do you have anything else to say? Yes, sure. Turning to the failure to act versus refusal to act, this is not a failure to act. A failure to act is a very specific kind of claim. The law court has explained it's a remedy for a tardy decision, so you bring a failure to act claim when you've filed a permit application and the government has done nothing for months and months, and eventually, there's a point that comes where the government reasonably should have acted, and at that point, your statute of limitations starts running to bring a failure to act claim, but a requirement of a failure to act is that the action has to have not happened yet. In this case, there has been a governmental action. There was the Giglio decision without pre-deprivation process, so going to court to ask for an order saying, please hold the hearing wouldn't do anything at this point because the final decision has already been made. I think the district court certainly is very plausible to read this as a refusal to act because those decisions, not just arguably, but necessarily meant that there was a refusal to hold those hearings because they were specifically requests for pre-deprivation hearings, but I think the other argument that the district court didn't consider but that we raise in our briefs is that I think the best way to understand what the nature of the government action here is actually as an affirmative government action because the actual relief that's being sought here is rescission of the Giglio decisions, so the government action that's being targeted here at the Giglio decisions, that's government action, and that's very clearly subject to a 30-day limitations period, which runs from the date of notice, so I think either way you look at it, the case is going to be time barred under that 30-day limit, and by the way, even if you looked at it as a failure to act, which again, we don't think that's the correct way to look at it, those actions reasonably should have occurred by the dates of the Giglio decisions, so that's when the claim accrues and the statute starts running under the plain text of the statute, so six months, so even under the six-month limitation, it wasn't brought timely because the claim was brought six months in one day after the last Giglio determination, so no matter how the court looks at it, it should find that these claims were not timely brought. Mr. Boland, just to circle ahead, which they cite in their brief in their jurisdictional section. Well, I mean, my recollection of that case, Your Honor, is that it sets forth that you can remove cases under state law that have state law claims where they have embedded federal questions, but my understanding, I guess, is that there has to be a cause of action underlying all this, and that unless you're in Bivens territory, there's not a cause of action that arises directly under the Constitution. I didn't see what the cause of action other than the direct action under the Constitution would have been in that case. I'm not sure what the answer to that is, but again, my understanding is that it's very, very rare that there are direct actions arising directly under the Constitution. The only one I can think of, again, is Bivens action, and I'm not aware of any court that said you can bring a declaratory judgment action directly under the Constitution for asserting a due process claim. I apologize. I'm just a little puzzled by that. The only thing I'd say, turning to our alternative argument, which is that even if there's jurisdiction, the claim can be dismissed on the merits, is I think that there are lots of different ways you can look at these employment-related due process claims, but I think there's two themes that run through all of the case law that I think support our argument that there is no due process right at stake here. One is that the Meade case that this court decided in other cases are very clear that the link between the deprivation of employment and the governmental action at issue has to be direct, that it has to be the same source where you get the alleged stigma, reputational damage, and the employment-related consequences. This case is not a direct link. It is very clearly an indirect link where the prosecutor does something which causes a completely separate employer at a completely different level of government to make a decision to terminate. The other principle that runs through all these cases and this is most apparent in the town of Castle Rock case, the Supreme Court case, which is that the level of discretion that the government decision maker has in making the decision is crucial in evaluating whether there is actually a property or liberty interest at stake here. In the Castle Rock case, the issue is whether there is a property or liberty interest in police enforcement of a protective order, and the court found that there was not. The reason why in part was because of the very high level of discretion that police have in terms of protecting public safety. This is a very similar type of decision where you're dealing with a highly discretionary prosecutorial decision about who to charge, what cases to bring, and what evidence should be disclosed to criminal defendants. Thank you. Thank you, Mr. Bolton. At this time, if you could mute your audio and video, and Mr. Cunniff, if you could reintroduce yourself, you have three minutes of rebuttal. Thank you. It's Michael Cunniff for the appellant. Returning to the question of the cause of action that described a request for a declaratory judgment, when viewed through the lens of the Maine Declaratory Judgments Act, unlike the situations in the cases decided by the Maine Law Court, including the case that both the court and Mr. Bolton cited, the SOLD case, this is a situation where there is a pure claim for declaratory relief. The Declaratory Judgments Act in Maine specifically vests Maine courts with the power to declare rights, status, and other legal relations, whether or not further relief, which is the ADB relief, is or could be claimed. Regardless of whether or not further relief is or could be claimed. So, no action, according to the statute, no action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is requested. Here, it's undeniable that Mr. Rowe has a property right to continued employment and that the Supreme Court, the U.S. Supreme Court, has in those circumstances required that due process be provided to an employee to rebut allegations of misconduct before a decision is made. In this instance, this is the District Attorney Lynch's action, was the only indirect cause of the termination of Mr. Rowe's employment and the prevention of him from obtaining continued employment. Counsel, can I just ask you a question about the extent of the process that you claim your client is entitled to? In response to the argument about how, with respect to your merits claim, prosecutorial discretion is very much implicated here and that's something that a court addressing the merits would have to worry about, I understood you to say that whatever decision the District Attorney would make after recording your client, the process that you say is due, did you acknowledge that that would be an unreviewable decision? Did I understand you correctly to say that? Yes, your honor. That, in fact, is what this court has held previously, which is why this is the only path to vindication of Mr. Rowe's due process rights because there is no other possibility for, such as in Loudermill, the Supreme Court took into account that there is a post-deprivation remedy available and so provided a modest, which is what Mr. Rowe is advocating for, pre-deprivation... My time is up. Just one question. You conflate the, and maybe you're right to do so, you conflate the due process right to employment with the due process right not to have the impairment decision and I guess I'm not following why those two go together. Well, Judge Barron, there is a linkage between a giglio impairment decision and a foreclosure. I understand that in the employment action, if he's denied employment, you could raise whatever due process rights you have in that employment decision, including saying that if it was implausible that they concluded it was an impairment or whatever, but you still don't want to attack directly the impairment decision independent of the employment action. That's why you're suing the DA, who I understand is not the employer. Well, that's partly incorrect, Judge, because all Officer Rowe is requesting is a pre-decision opportunity to defend himself before the district attorney exercises her discretion. But what I'm saying is that the typical thing in the park situation would be you would be seeking the process before the employer. Well, that's correct, but this is a it was the district attorney who was the direct and sole cause to his loss of employment and foreclosure of future employment. There's a distinction, I think. Do my colleagues have any further questions? No, thank you. No, thank you, Mr. Conniff. Thank you, Rose. Thank you. At this time, Attorney Conniff and Bolton may disconnect from the meeting.